Case 2:14-cr-00072   Document 39   Filed in TXSD on 10/07/16   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-72 |
| | § | (CIVIL ACTION NO. 2:16-CV-145) |
| OSCAR GARCIA-HERNANDEZ | § | |

### ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Oscar Garcia-Hernandez (Garcia-Hernandez) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 24. The government responded. The Court appointed counsel to review Garcia-Hernandez' alien file and ordered further briefing. D.E. 29, 30, 34, 38. Court denies Garcia-Hernandez' § 2255 motion because his claims do not entitle him to relief and denies him a Certificate of Appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II. BACKGROUND

Garcia-Hernandez violated the terms of his supervised release from his conviction for illegal reentry and the case was transferred to this Court in January 2014. D.E. 2. Garcia-Hernandez was in custody here for illegal reentry in Cause No. 2:13-CR-865. He was appointed counsel. D.E. 2.

In March 2014, the Court heard the supervised release violation. Garcia-Hernandez admitted that the law violation was true, and he was sentenced to 24 months imprisonment for revocation, to run consecutively to his sentence in Cause No. 2:13-CR-865. D.E. 10. Garcia-

Hernandez appealed, but the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. D.E. 23. Garcia-Hernandez filed his present motion a few months later. It is timely.

### III.  MOVANT'S ALLEGATIONS

Garcia-Hernandez complains that his counsel did not investigate his derivative citizenship initially when he was first indicted for illegal reentry or when he was arrested in 2:13-CR-865, or when his supervised release was revoked. He also claimed that counsel was ineffective on the grounds that he did not argue for mitigation of his sentence on the basis of cultural assimilation.

### IV.  ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.     Ineffective Assistance of Counsel**

1. *Standard for ineffectiveness of counsel*

An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of

counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to some increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

2. *Failure to investigate his citizenship*

Garcia-Hernandez argues that none of his previous lawyers bothered to investigate the law or the facts leading to his present situation. This Court may consider counsel's conduct in this case and only in this case. Garcia-Hernandez argued that he was brought to this country illegally as a young child, his mother became a naturalized citizen when he was a teenager, and he was eligible for derivative citizenship. Appointed counsel testified by affidavit that Garcia-Hernandez explained his immigration situation when counsel questioned him, but Garcia-Hernandez admitted he had never become a lawful permanent resident. D.E. 30. Counsel appointed for this proceeding reviewed the government's documents and filed a brief and materials at this Court's request.

Garcia-Hernandez would have been eligible for derivative citizenship if he had obtained lawful status before his 18th birthday pursuant to the terms of 8 U.S.C. § 1432 (1952) (repealed Oct. 30, 2000). According to documents filed by the government, his application was rejected on April 14, 2000. D.E. 54-3. The portion of the statue at issue for Garcia-Hernandez is the requirement,

> Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432(a)(5). The Fifth Circuit holds that subsection (a)(5) requires that the minor child be lawfully present in the United States before he is eligible for derivative citizenship. *Gonzalez v. Holder*, 771 F.3d 238, 245 (5th Cir. 2014);[1] *accord United States v. Forey-Quintero*, 626 F.3d 1323 (11th Cir. 2010). Other circuits have also interpreted subsection (a)( 5). *See Nwozuzu v. Holder*, 726 F.3d 323 (2d Cir. 2013) (lawful permanent residence status not required for subsection (a)(5), holding that alien qualified for derivative citizenship); *but see Thomas v. Lynch*, 828 F.3d 11 (1st Cir. 2016) (holding subsection (a)(5) requires lawful residence before age 18 to qualify for derivative citizenship).

Appointed counsel was aware of authority requiring lawful status and did not proceed further once Garcia-Hernandez advised him that he had not achieved lawful permanent resident status before he turned 18. Under these facts, Garcia-Hernandez has not established that counsel's actions fell below reasonable professional assistance.

---

[1] The Fifth Circuit relied upon the Board of Immigration Appeals decision in *In re Nwozuzu*, 24 I. & N. 609 (BIA 2008). The BIA held that lawful permanent resident status before age 18 was required to qualify for derivative citizenship. When Nwozuzu sought judicial review of his order of removal, the Second Circuit held that he qualified for derivative citizenship and rejected the BIA's interpretation of § 1432(a)(5). However, the *Holder* Court declined to resolve the interpretation of § 1432(a)(5) and declined to adopt the Second Circuit's approach. *Holder*, 771 F.3d at 245.

3. *Cultural assimilation*

At sentencing, appointed counsel argued that Garcia-Hernandez' total sentence for both the revocation and for the illegal reentry should be no more than 37 months. D.E. 15, p. 10. Counsel argued that Garcia-Hernandez spent his entire life in the United States. The government sought an upwards departure on the illegal reentry sentence of 45 months on the grounds of his numerous unscored criminal convictions and for the revocation to be consecutive. *Id*., p. 9. The Court sentenced Garcia-Hernandez to 37 months on the illegal reentry and then to an additional 24 months on the revocation. *Id*., p. 17.

Counsel made the argument that Garcia-Hernandez claims he should have made. His claim is not supported by the record.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Garcia-Hernandez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This

standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Garcia-Hernandez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Garcia-Hernandez's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 24) is DENIED and he is also denied a Certificate of Appealability.

SIGNED and ORDERED this 7th day of October, 2016.

_____
Janis Graham Jack
Senior United States District Judge